1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9      **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10

11   JESUS FUENTES, individually, and on      Case No. 8:24-cv-00035-JWH-ADS
        behalf of other members of the
12      general public similarly situated,
                                              **ORDER REGARDING**
13               Plaintiff,                   **DEFENDANT'S MOTION TO**
                                              **DISMISS [ECF No. 13];**
14          v.                                **PLAINTIFF'S MOTION TO**
                                              **REMAND [ECF No. 19]; AND**
15   BELLINGHAM MARINE                        **ORDER TO SHOW CAUSE**
        INDUSTRIES, INC., and                 **REGARDING SUBJECT MATTER**
16   DOES 1-100, inclusive,                   **JURISDICTION [ECF No. 30]**

17               Defendants.
18
19
20
21
22
23
24
25
26
27
28

Before the Court are the following three matters:

- the motion to dismiss filed by Defendant Bellingham Marine Industries, Inc.;[1]

- the motion to remand filed by Plaintiff Jesus Fuentes;[2] and

- the Court's Order to Show Cause regarding subject matter jurisdiction.[3]

All matters are fully briefed.[4]  The Court concludes that these matters are appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons detailed herein, the Court **DENIES without prejudice** Bellingham Marine's Motion to Dismiss; **DENIES** Fuentes's Motion to Remand; and **DISCHARGES** the OSC.

## I.  BACKGROUND

Fuentes filed this case in Orange County Superior Court in November 2023.[5]  Fuentes, on his own behalf and on behalf of all others similarly situated, alleges various claims for relief for wage and hour violations under California state law.[6]

---

[1]     Def.'s Mot. to Dismiss (the "Motion to Dismiss") [ECF No. 13].

[2]     Pl.'s Mot. to Remand (the "Motion to Remand") [ECF No. 19].

[3]     Order to Show Cause Regarding Subject Matter Jurisdiction (the "OSC") [ECF No. 30].

[4]     *See* Pl.'s Opp'n to Motion to Dismiss (the "Motion to Dismiss Opposition") [ECF No. 20]; Def.'s Opp'n to Motion to Remand (the "Motion to Remand Opposition") [ECF No. 23]; Def.'s Reply in Supp. of Motion to Dismiss [ECF No. 28]; Pl.'s Reply in Supp. of Motion to Remand [ECF No. 29]; Pl.'s Suppl. to Motion to Remand ("Fuentes's OSC Response") [ECF No. 31]; and Def.'s Suppl. to Motion to Remand ("Bellingham Marine's OSC Response") [ECF No. 32].

[5]     *See* Notice of Removal [ECF No. 1] ¶ 2.

[6]     *Id.*

Bellingham Marine removed the action to this Court in January 2024, asserting diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA") and 28 U.S.C. §§ 1332 & 1441(b).[7]  Bellingham Marine filed its Motion to Dismiss that same month,[8] and Fuentes filed his Motion to Remand in February 2024.[9]

## II.  LEGAL STANDARD

### A.  Motion to Remand

Federal courts are courts of limited jurisdiction.  Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  In every federal case, the basis for federal jurisdiction must appear affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).  "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted).  Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33.  A defendant may remove civil actions in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331 & 1332.  "Complete diversity" means

---

[7]      *See generally id.*

[8]      *See generally* Motion to Dismiss.

[9]      *See generally* Motion to Remand.

that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008). With respect to class actions, district courts "have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

The right to remove is not absolute, even when original jurisdiction exists. In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper" (quotation marks omitted)). Any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See id.* ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

## B. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in a complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id.* at 679.

## C.  Leave to Amend

A district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The purpose underlying the liberal amendment policy is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Therefore, leave to amend should be granted unless the Court determines "that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 8 F.3d 494, 497 (9th Cir. 1995)).

## III.  ANALYSIS

## A.  Motion to Remand and OSC

In his Motion to Remand, Fuentes asserts that the Court does not have subject matter jurisdiction because Bellingham Marine has not sufficiently

proven the amount in controversy.[10]  Bellingham Marine rejects that assertion.[11]
The Court issued an OSC with respect to the amount in controversy, instructing
the parties to conduct jurisdictional discovery and to file supplemental briefs
accordingly.[12]  In its response to the OSC, Bellingham Marine provides
calculations that it asserts proves that the amount-in-controversy requirement
was satisfied at the time of removal.[13]  Specifically, Bellingham Marine argues
that the amount in controversy at the time of removal was more than $12 million
for the class and more than $75,000 for Fuentes's individual claims.[14]  Fuentes
continues to dispute that Bellingham Marine has satisfied its burden upon
removal, but he does not offer any of his own calculations disputing those of
Bellingham Marine.[15]

In reviewing Bellingham Marine's calculations, the Court concludes that
it has met its burden upon removal.  Therefore, the Court **DENIES** Fuentes's
Motion to Remand.  Since the amount in controversy requirement is satisfied,
the Court also **DISCHARGES** the OSC.

**B.     Motion to Dismiss**

Bellingham Marine moves to dismiss this case pursuant to Rule 12(b)(6),
arguing that Fuentes fails to state a claim.[16]  In his Opposition, Fuentes requests
leave to amend his pleading to address any deficiencies.[17]

---

[10]     *See generally* Motion to Remand.

[11]     *See generally* Motion to Remand Opposition.

[12]     *See generally* OSC.

[13]     Bellingham Marine's OSC Response.

[14]     *See generally id*.

[15]     Fuentes's OSC Response.

[16]     *See generally* Motion to Dismiss.

[17]     *See* Motion to Dismiss Opposition 14:3-17.

In view of the Court's limited judicial resources, it is loath to adjudicate serial motions under Rule 12(b) with respect to Fuentes's claims.  Instead, the Court will direct the parties to engage in another, more rigorous, L.R. 7-3 Conference of Counsel and will grant Fuentes leave to file an amended pleading. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (instructing lower courts that "Rule 15 advises the court that 'leave shall be freely given when justice so requires'" and that "[t]his policy is 'to be applied with extreme liberality'") (citation and quotation omitted).

Therefore, the Court **DENIES without prejudice** Bellingham Marine's Motion to Dismiss.  The Court suggests that Fuentes take this second opportunity to consider carefully Bellingham Marine's criticism of his pleading and to present his best-pleaded claims, as the Court will be hesitant to grant further leave to amend.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.      Fuentes's Motion to Remand is **DENIED**.

2.      The OSC is **DISCHARGED**.

3.      Bellingham Marine's Motion to Dismiss is **DENIED without prejudice**.

4.      The parties are **DIRECTED** forthwith to engage in another L.R. 7-3 Conference of Counsel regarding the alleged infirmities in the Complaint.

5.      Fuentes is **DIRECTED** to file an amended pleading, if at all, no later than June 28, 2024.  If Fuentes chooses to file an amended pleading, he is also **DIRECTED** to file contemporaneously therewith a Notice of Revisions to Complaint that provides the Court with a redline version that shows the amendments.

6.     Bellingham Marine is **DIRECTED** to file its response to Fuentes's operative pleading no later than July 19, 2024.

**IT IS SO ORDERED.**

Dated:   June 10, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE